ROBIE WILLARD CATES v. HUNT CONSTRUCTION CO., INC., EMPLOYER, AND AETNA CASUALTY & SURETY CO., CARRIER.

(Filed 16 June, 1966.)

**1. Master and Servant § 45―**

The Workmen's Compensation Act must be liberally construed and the benefits therein provided to workmen should not be denied by a strict, narrow and technical construction, the philosophy of the Act being that the wear and tear of the workman, as well as the machinery, should be charged to the industry.

**2. Master and Servant §§ 71, 72―**

Where injury to a workman received in the course of his employment requires an operation to remove a kidney injured in the accident, leaving a scar approximately 16 inches long just above the belt line, the workman is entitled to compensation for the loss of his kidney, and the holding that compensation for bodily disfigurement precluded compensation for the loss of the kidney under the provisions of G.S. 97-31(22) is erroneous, even prior to the 1963 amendment.

**3. Statutes § 7—**

A clarifying amendment will not be held to preclude recovery for an element of compensation under the former statute when the former statute by reasonable construction provides for the recovery of such element of damage, and the amendment merely restates the legislative purpose so as to prevent the benefit from being denied by a narrow or strict construction.

MOORE, J., not sitting.

APPEAL by plaintiff from *Hobgood, J.*, January, 1966 Civil Session, DURHAM Superior Court.

This proceeding originated as a compensation claim filed by Robie Willard Cates for injuries suffered by accident while he was performing his duties as a carpenter at work for Hunt Construction Company, Inc. All jurisdictional facts as well as the average weekly wages were stipulated. Actually there is no dispute about the facts other than about the size and appearance of the scar resulting from surgery in the treatment of claimant's injuries.

The parties stipulated that on June 18, 1962, the claimant, while doing carpenter work for Hunt Construction Company, fell from a scaffold, sustaining injuries by accident, the treatment for which required the removal of his right kidney. At the hearing, the claimant testified that since the injury, "I can lift things no heavier than 30 or 35 pounds. Before this accident I lifted 250 pounds or so. . . . The requirement to lift heavy things is there, but I told him (apparently foreman) that before I even went there that I couldn't lift nothing heavy, and he said, '(W)e've got laborers on the job to lift stuff.'" The plaintiff's evidence showed the operative procedure left a well healed scar across plaintiff's right side just above the belt line, approximately 16 inches long; that there appears to be an indentation where the skin had not grown back "even" with the other surface area.

The hearing commissioner awarded claimant $300.00 for disfigurement and $2,500.00 for the loss of an important organ of the body. The parties stipulate the claimant had been paid $245.00 for his temporary disability and, in addition, the employer paid the medical expenses. The Commission did not make any award for permanent disability, either partial or total. Upon appeal from the hearing commissioner, the full Commission affirmed the hearing commissioner's award of $300.00 for disfigurement, but denied recovery for the loss of the kidney, stating:

"The Full Commission is of the opinion that, as a matter of law, plaintiff cannot recover in this case for the loss of his right kidney. The cases of *Branham v. Panel Company*, 223 N.C.

233, *Davis v. Construction Co.*, 247 N.C. 332, and the recent case of *Arrington v. Engineering Corp.*, 264 N.C. 38, appear to be controlling on the question of compensation as for disfigurement for the loss of a kidney."

On appeal to the Superior Court, Judge Hobgood affirmed the Commission's order. Claimant excepted and appealed.

*Powe, Porter and Alphin by Oliver W. Alphin for plaintiff appellant.*

*Spears, Spears & Barnes by Alexander H. Barnes for defendant appellees.*

HIGGINS, J. At the time of plaintiff's injury, June 18, 1962, the Workmen's Compensation Act, G.S. 97-31, provided a list of compensable injuries and the method for determining the rate and period of compensation: "In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other compensation, including disfigurement."

Subsections (1) through (20) neither included compensation for disfigurement nor for the loss of, or injury to, an internal organ of the body. However, Subsection 21 provided: "In case of serious facial or head disfigurement, the Industrial Commission shall award proper and equitable compensation not to exceed thirty-five hundred dollars." Subsection (22) provided:

> "In case of serious bodily disfigurement, including the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under the preceding subsections, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the above schedule, the Industrial Commission may award proper and equitable compensation not to exceed three thousand five hundred dollars ($3,500.00); provided, that the Industrial Commission may not make an award for permanent partial or permanent total disability, and also for bodily disfigurement resulting from loss of, or permanent injury to, any internal organ, the loss of which resulted in such permanent partial or permanent total disability."

Subsection (21) is mandatory in providing that the Industrial Commission shall award proper and equitable compensation, not to

exceed $3,500.00 for serious facial or head disfigurement. Subsection (22), as of June 18, 1962, provided, "The Industrial Commission *may* award proper and equitable compensation not to exceed three thousand, five hundred dollars ($3,500.00)" in case of serious bodily disfigurement, "including the loss of, or permanent injury to, any important external or internal organ or part of the body . . ."

The hearing commissioner found facts and entered an award of compensation in the amount of $300.00 for the scar and $2,500.00 for the loss of the kidney. On review, the full Commission, "As a matter of law," acting under what it considered the compulsion of the *Branham, Davis,* and *Arrington* cases, struck out the award of $2,500.00 for the loss of the kidney. The Industrial Commission and the Superior Court permitted the Commissioner's finding of disfigurement to stand.

Subsections (1) to (20), inclusive, do not provide any compensation whatever for injuries on account of disfigurement. Neither do they provide compensation for loss of or injury to an organ or part of the body. While Subsection (21) provides compensation for serious disfigurement of the face or head, Subsection (22) provides compensation for serious bodily disfigurement, including the loss of, or injury to, an external or internal organ of the body. Under the facts found in this case, a scar, 16 inches long, unevenly healed, and the complete loss of a kidney in the course of treatment for the industrial accident, would seem to permit, if not compel, the award of compensation for the loss of the kidney. To hold otherwise is to sanction a strict, narrow, and strained construction of the subsection. It must be remembered the Workmen's Compensation Act requires the Industrial Commission and the courts to construe the compensation act liberally in favor of the injured workman. "The Act 'should be liberally construed to the end that the benefits thereof shall not be denied upon technical, narrow, and strict interpretation.'" *Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596; *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760. The philosophy which supports the Workmen's Compensation Act is that the wear and tear of the workman, as well as the machinery, shall be charged to the industry. *Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173.

None of the three cases the Commission relied on as compelling the denial of the right to award compensation for the loss of the kidney is actually in point. In *Branham v. Panel Co.,* 223 N.C. 233, 25 S.E. 2d 865, the claimant had a compressed fracture of one of the vertebrae in his spine. There was no disfigurement and no operation. In *Davis v. Construction Co.,* 247 N.C. 332, 101 S.E. 2d 40, the claimant lost two front teeth. His claim arose under Subsection (21)

for head injuries. The Claim in *Arrington v. Engineering Corp.*, 264 N.C. 38, 140 S.E. 2d 759, was for the loss of the sense of taste and smell. That case, too, arose under Subsection (21), applicable to head injuries.

The illustration the court used in *Branham v. Panel Co., supra,* (and alluded to with apparent approval in *Davis* and *Arrington*) on which the Commission relies, goes beyond any issue actually involved in the case. The Court said: "There must be an outward, observable blemish, scar or mutilation which tends to mar the appearance of the body, . . . For instance, a puncture of the ear drum or the removal of a kidney would result in injury, perhaps serious, and yet no disfigurement would result." The illustration and the conclusion from it are *dicta.*

In the instant case, not only is there a scar, but it resulted from a necessary cutting operation incident to the complete removal of a kidney injured in the claimant's fall from the scaffold where he was at work. The Commission found disfigurement. The finding is not challenged. Some of the cases, especially *Branham,* seem to attach undue importance to the scar and little or none to the loss of the internal organ of the body. The contention that the claimant's scar and the loss of a kidney do not impair his occupational opportunities scarcely deserve comment. In this industrial age frequently workmen are required to undergo physical examinations in the course of their selection as employees. Certainly they are interrogated about their fitness to do the work required. Such examination or inquiry would disclose the reason for the scar and the loss of the kidney. According to his evidence, the applicant might be required to say he could now lift only 35 pounds. If another applicant, without a scar, with two good kidneys, and the ability to lift 250 pounds is standing in line for the job, does it make sense to say this claimant's occupational ability has not been impaired by the scar and the loss of a kidney?

By Ch. 424, Session Laws of 1963, effective July 1, 1963, the General Assembly rewrote Subsection 22 and added Subsection 24, separating the provisions for awards of compensation for disfigurement and for loss of an important organ of the body. The employer and his insurance carrier in this case argue the Legislature, by the change, is now providing the right of compensation for the loss of the kidney which did not exist before the enactment. It may with as much or more force be argued that the Legislature merely restated what its purpose and intent were from the beginning, and that the courts, by their narrow and strict construction, attached to the original Act a meaning the General Assembly never intended.

In this case the trial court committed error in affirming the de-

cision of the Industrial Commission. The Superior Court should have entered judgment vacating the award of the Industrial Commission and remanding the proceeding for the entry of such an award, not exceeding $3,500.00, as the Commission "may deem proper and equitable compensation," for the loss of the claimant's kidney.

The judgment of the Superior Court is reversed with instructions that the proceeding be remanded for the entry of an award by the Industrial Commission as here indicated.

Reversed.

Moore, J., not sitting.