KENNETH G. PORTERFIELD v. RPC CORPORATION AND STANDARD FIRE INSURANCE COMPANY

No. 7910IC931

(Filed 3 June 1980)

**Master and Servant § 65.1– workers' compensation – hernia – no loss of important part of body**

In order for plaintiff to be entitled to workers' compensation pursuant to G.S. 97-31(24), he must show from medical evidence that he has loss of or permanent injury to an *important* external or internal organ or part of his body for which no compensation is payable under any other subdivision of G.S. 97-31; evidence was sufficient to support the Industrial Commission's finding that repair of plaintiff's third hernia, which resulted in loss of or injury to abdominal muscle and tissue, was not a loss of or permanent injury to an important organ or part of his body in view of his prior operations.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and award filed 7 August 1979. Heard in the Court of Appeals 27 March 1980.

This is an appeal from a decision of the Industrial Commission rejecting an opinion and award entered by Deputy Commissioner Haigh in favor of plaintiff.

The evidence presented before the deputy commissioner tended to show that plaintiff, a welder at RPC Corporation on 21 October 1977, was fabricating a corner housing (used for loading containers onto ships) which weighed about 100 pounds. Plaintiff normally had a small crane or a helper to assist in lifting objects that heavy, but both the crane and the helper were unavailable. He felt a sharp pain in his groin as he lifted the housing and immediately set it down. He continued to work that day, but avoided lifting heavy objects. Dr. Alan Lesage discovered and repaired the hernia but told plaintiff not to lift more than 30 to 35 pounds. The doctor was not sure of his instructions to plaintiff after the 1976 repair but thought he would have told plaintiff not to lift more than 30 or 35 pounds, because he usually told patients with hernias not to lift anything heavy. He usually hesitated to put a time limit on the lifting restriction, because some patients eventually returned to work. In this case, he thought the restriction would be permanent.

Deputy Commissioner Haigh filed an opinion and award in which he found that plaintiff had suffered a permanent injury to an important part of his body, the abdominal muscle and tissue, concluded that compensation was proper under G.S. 97-31(24), and awarded plaintiff $3,000 plus sums for a temporary period of total disability and for attorney fees. The full Commission accepted only the award for temporary, total disability and for attorney fees. The award for compensation under G.S. 97-31(24) was rejected as unsupported by the evidence. Plaintiff appealed from the full Commission.

*Burke & King, by Ronnie P. King, for plaintiff appellant.*

*John H. Pike, for defendant appellees.*

ERWIN, Judge.

Plaintiff presents one issue for our determination: "Did the Full Commission of the North Carolina Industrial Commission err in its ruling that, FINDING OF FACT NUMBER 17, in the Opinion and Award filed by Deputy Commissioner William L. Haig [sic], as filed on October 27, 1978, was not supported by evidence?" We find no error and affirm the Commission.

G.S. 97-31(24) provides *inter alia:*

"§ 97-31. *Schedule of injuries; rate and period of compensation.* — In cases included by the following schedule the compensation in each case shall be paid for disability during the healing period and in addition the disability shall be deemed to continue for the period specified, and shall be in lieu of all other compensation, including disfigurement, to wit:

* * *

(24) In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000)."

The Commission is the fact-finding body under the Workers' Compensation Act. *Brewer v. Trucking Co.*, 256 N.C. 175, 123 S.E. 2d 608 (1962). The rule is, as fixed by statute and case law of this State, that findings of fact made by the Commission are conclusive on appeal when supported by competent evidence. G.S. 97-86; *McMahan v. Supermarket*, 24 N.C. App. 113, 210 S.E. 2d 214 (1974). The Commission's legal conclusions are subject to court review. *Jackson v. Highway Commission*, 272 N.C. 697, 158 S.E. 2d 865 (1968).

In order for plaintiff to be entitled to compensation pursuant to G.S. 97-31(24), he must show from medical evidence

Porterfield v. RPC Corp.

that he has loss of or permanent injury to an *important* external or internal organ or part of his body for which no compensation is payable under any other subdivision of G.S. 97-31. The record reveals that plaintiff was suffering from his third right inguinal hernia, that such was repaired with a Teflon mesh, and that plaintiff was directed not to lift more than 30 to 35 pounds. Following his 1976 hernia repair, plaintiff was also advised not to lift more than 30 or 35 pounds. The third recurrent inguinal hernia did not reduce plaintiff's ability to lift any objects that were not restricted by his prior 1976 limitation. From this record, the Commission did not find that the repair of plaintiff's hernia in 1978 was a loss of or permanent injury to an important organ or part of plaintiff's body in view of his prior operations. The evidence in the record supports the negative finding.

Webster's Third New International Dictionary (1976) defines "important" as "valuable in content or relationship." The evidence in the record before us does not show how much muscle or tissue was removed from plaintiff's body, and if not removed, the degree of injury to the muscle or tissue. The record is completely devoid of any evidence as to the value of the muscle or tissue in question to the body of plaintiff. Unless the importance of the muscle and tissue is shown, an award for compensation will not lie under G.S. 97-31(24); otherwise, all injuries could fall within G.S. 97-31(24). This, in our opinion, was not the intent of the Legislature when it enacted G.S. 97-31(24).

This statement written by Justice Higgins in *Cates v. Construction Co.*, 267 N.C. 560, 563, 148 S.E. 2d 604, 607 (1966), is as true today as the day the case was decided:

"It must be remembered the Workmen's [now Workers'] Compensation Act requires the Industrial Commission and the courts to construe the compensation act liberally in favor of the injured workman. 'The Act "should be liberally construed to the end that the benefits thereof shall not be denied upon technical, narrow, and strict interpretation."' *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596; *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760. The philosophy which supports the Workmen's Compensation Act is that the wear and tear of the workman, as well as the machin-

ery, shall be charged to the industry. *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173."

The philosophy which supports the Workers' Compensation Act is not authority in and of itself to permit the Commission to make an award to plaintiff unless the medical evidence shows to some degree of certainty that his injury falls within the meaning of G.S. 97-31(24).

Upon review of the opinion and award of the full Commission, this Court does not weigh the evidence, but may only determine whether there is evidence in the record to support the findings made by the Commission. If there is any evidence of substance which directly or by reasonable inference tends to support the findings, this Court is bound by such evidence, even though there is evidence that would have supported a finding to the contrary. *Willis v. Drapery Plant*, 29 N.C. App. 386, 224 S.E. 2d 287 (1976).

Plaintiff's reliance on *Cates v. Construction Co.*, 267 N.C. 560, 148 S.E. 2d 604 (1966), is misplaced. In *Cates*, plaintiff was allowed recovery for loss of his kidney. There is not any dispute among medical authorities that a kidney is an important part of one's body. In the case *sub judice*, the importance of the "abdominal muscle and tissue" to the other parts of the body is unknown.

The order of the full Commission is

Affirmed.

Judges HEDRICK and ARNOLD concur.