## HICKS v. LEVITON MFG. CO.

[121 N.C. App. 453 (1996)]

LOU RITA HICKS, EMPLOYEE-PLAINTIFF v. LEVITON MANUFACTURING COMPANY, EMPLOYER, SELF-INSURED (CRAWFORD & COMPANY), DEFENDANT

No. COA94-1228

(Filed 6 February 1996)

**Workers' Compensation §§ 199, 247 (NCI4th)— permanent lung damage due to silicosis—benefits under two statutory provisions—right of employee to choose more favorable compensation**

A claimant who has sustained permanent lung damage due to occupational silicosis and has received benefits pursuant to N.C.G.S. § 97-61.5, but is not disabled so as to be eligible for additional benefits under N.C.G.S. § 97-61.6, is entitled to a determination by the Industrial Commission as to whether she is entitled to an award for permanent damages to her lungs pursuant to N.C.G.S. § 97-31(24), and to select the more favorable award; however, if the claimant selects compensation under N.C.G.S. 97-31(24), the employer shall receive a credit on any amount previously paid the employee pursuant to N.C.G.S. § 97-61.5.

**Am Jur 2d, Workers' Compensation §§ 326, 400-405.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 27 June 1994. Heard in the Court of Appeals 30 August 1995.

*Cox, Gage and Sasser, by Robert H. Gage, for plaintiff-appellant.*

*Patrick, Harper & Dixon, by Gary F. Young, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiff began working for defendant-employer, a manufacturer of electrical parts, in 1972. For nearly fifteen years, she worked in ceramics where she was exposed to silica dust. As a result, she contracted pulmonary silicosis. On 5 August 1986, plaintiff had a pulmonary examination and was rated as having a Class I impairment. On 16 August 1986, plaintiff was transferred from her ceramics job to a position sorting and inspecting plastics, where she was paid the same wages and was not exposed to silica dust. Plaintiff underwent a second pulmonary examination on 3 February 1988 in which she was

diagnosed with probable simple pulmonary silicosis, but showed no significant impairment in lung function.

In June 1988, the parties concluded a Form 21 agreement providing for payment of 104 weeks of compensation, totalling $19,524.96, pursuant to G.S. § 97-61.5. As required by statute, the Commission ordered that plaintiff undergo two further pulmonary examinations. At her 13 July 1989 examination, plaintiff was found to still have a Class I impairment; however, her 22 May 1990 examination revealed a "progressive massive fibrosis from silicosis" and "a Class II impairment with a 10-20% impairment of the whole person," with total lung capacity, residual volume and functional residual capacity all reduced.

In the summer of 1990, plaintiff claimed to have been again exposed to ceramic dust. She alleged that her employer cut holes and installed fans in her work area which drew ceramic dust into the area, covering her glasses and causing her to cough. After plaintiff complained, the fans were removed and the holes were covered. Plaintiff subsequently developed pleurisy in her lungs. In early 1991, plaintiff saw her own pulmonary specialist who was of the opinion that plaintiff had suffered a 10% disability of the whole person due to lung disease. Plaintiff, however, has been able to continue her work as a plastics sorter.

The deputy commissioner found that plaintiff had a compensable occupational lung disease and awarded her continuing medical expenses and $20,000.00 for loss of an organ under G.S. § 97-31(24). On appeal to the Full Commission, the matter was heard by a commissioner and two deputy commissioners. In an Opinion and Award, the Commission concluded that plaintiff was entitled to "reasonable medical treatment for her lung disease" but was not entitled to additional compensation under G.S. § 97-31(24) because "compensation under such section 'shall be in lieu of all other compensation . . .' [and] [p]laintiff has already been paid compensation under N.C.G.S. 97-61.5, which compensation is paid for damage to 'bodily parts' and not for wage loss." In its award the Commission denied additional compensation, allowed an expert witness fee, but neglected to make any provision for plaintiff's continuing medical treatment. Plaintiff appeals.

The primary issue presented in this case is whether an employee who has sustained permanent lung damage due to occupational sili-

## HICKS v. LEVITON MFG. CO.

[121 N.C. App. 453 (1996)]

cosis, but who has sustained neither actual incapacity to work nor loss of wages by reason thereof, may recover benefits under G.S. § 97-31(24) for such damage to her lungs after having accepted benefits under G.S. § 97-61.5. For the reasons stated below, we hold that the acceptance of benefits under G.S. § 97-61.5 does not necessarily preclude an award under G.S. § 97-31(24) and we therefore reverse the Commission's decision and remand this case to the Commission for further consideration.

G.S. § 97-60 provides for the compulsory examination of employees engaged in certain occupations which expose them to the hazards of asbestosis or silicosis. When an employee and the Industrial Commission are advised that the employee may have contracted either disease, G.S. §§ 97-61.1 *et seq.* establish a procedure for a series of examinations and reports by an advisory medical committee and an initial hearing by the Commission after the first such report. G.S. § 97-61.5(b) provides that if the Commission determines, at the first hearing, that a worker has asbestosis or silicosis, the Commission:

> shall by order remove the employee from any occupation which exposes him to the hazards of asbestosis or silicosis . . . provided, that if the employee is removed from the industry the employer shall pay or cause to be paid as in this subsection provided to the employee affected by such asbestosis or silicosis a weekly compensation equal to sixty-six and two thirds percent (66 2/3%) of his average weekly wages before removal from the industry, but not more than the amount established annually to be effective October 1 as provided in G.S. 97-29 or less than thirty dollars ($30.00) a week, which compensation shall continue for a period of 104 weeks. Payments made under this subsection shall be credited on the amounts payable under any final award in the cause entered under G.S. 97-61.6.

After a third examination, G.S. § 97-61.6 provides for a final determination of additional compensation, if any, due the employee for total or partial incapacity for work or death resulting from silicosis. However, the statute does not provide for additional compensation in situations such as the present case where an employee's condition has worsened, but the employee has suffered no loss in wages.

In *Roberts v. Southeastern Magnesia and Asbestos Co.*, 61 N.C. App. 706, 710, 301 S.E.2d 742, 744-45 (1983), this Court stated:

We recognize that the intent of the Legislature in providing for an automatic 104 installment payments was to encourage employees to remove themselves from hazardous exposure to asbestos and to provide for employee rehabilitation, *Honeycutt v. Carolina Asbestos Co.*, 235 N.C. 471, 70 S.E.2d 426 (1952). We also recognize that G.S. 97-61.5(b) which authorizes this award, has as an additional purpose the compensation of employees for the incurable nature of the disease of asbestosis. *See Honeycutt v. Carolina Asbestos Co., supra; Pitman v. L.M. Carpenter & Associates*, 247 N.C. 63, 100 S.E.2d 231 (1957). (Emphasis added.)

Thus, this Court has previously concluded that the Legislature intended compensation under G.S. § 97-61.5(b) as compensation for permanent damage to the employee's lungs due to asbestosis as well as for switching trades. Because asbestosis and silicosis are treated identically under the statute, this statement logically applies to silicosis as well.

G.S. § 97-31 provides for payment of compensation for scheduled injuries specified in the twenty-four subdivisions of the section. The statute provides that payment thereunder "shall be in lieu of all other compensation." Subdivision (24), under which plaintiff advances her claim in this case, provides for compensation for "loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section." Awards under subdivision (24) are equitable in nature and the amount of such an award is within the discretion of the Commission, subject to the statutory maximum of $20,000.00 for the loss of, or permanent injury to, an organ or body part. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 345 S.E.2d 204 (1986); *Grant v. Burlington Industries*, 77 N.C. App. 241, 335 S.E.2d 327 (1985). Compensation is payable for a loss scheduled under G.S. § 97-31 "even if a claimant does not demonstrate loss of wage-earning capacity." *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 575, 336 S.E.2d 47, 52 (1985). Moreover, "loss as used in G.S. 97-31(24) includes loss of use," and an award for partial lung function due to occupational disease has been held to fall within the scope of subsection (24). *Id.* at 577, 336 S.E.2d at 53.

The Commission concluded that because plaintiff had accepted compensation for 104 weeks pursuant to G.S. § 97-61.5, the "in lieu of all other compensation" clause contained in G.S. § 97-31 precluded an award under subsection 24. It is true that the "in lieu of" clause of G.S.

## HICKS v. LEVITON MFG. CO.

[121 N.C. App. 453 (1996)]

§ 97-31 is intended to "prevent double recovery of benefits under different sections of the Workers' Compensation Act, but it does not provide for an exclusive remedy." *Mitchell v. Fieldcrest Mills, Inc.*, 84 N.C. App. 661, 662, 353 S.E.2d 638, 639 (1987), (citing *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E.2d 336 (1986)). To allow plaintiff to recover full benefits under both G.S. § 97-61.5 and § 97-31(24) would undeniably permit such a double recovery and would run afoul of the "in lieu of" clause.

However, if plaintiff had contracted an occupational lung disease other than asbestosis or silicosis that resulted in partial loss of her lungs but did not cause a loss of her wage-earning ability, she would be eligible for compensation under G.S. § 97-31(24). *See Harrell*, 314 N.C. 566, 336 S.E.2d 47. Significantly, the amount of compensation plaintiff could receive under G.S. § 97-31(24) is potentially greater than the 104 weeks of compensation provided for by G.S. § 97-61.5.

Our Supreme Court has instructed that the Industrial Commission and the courts are to construe the Workers' Compensation Act liberally in favor of the injured worker, and " 'that the benefits thereof shall not be denied upon technical, narrow, and strict interpretation,' " *Cates v. Construction Co.*, 267 N.C. 560, 563, 148 S.E.2d 604, 607 (1966) (citation omitted). Moreover, "[t]he purpose of [§ 97-31] was to expand, not restrict, the employee's remedies." *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 99, 348 S.E.2d 336, 342 (1986). Consistent with these principles, the Supreme Court has also held that a claimant entitled to benefits for either incapacity to work or for a scheduled injury under G.S. § 97-31 may select the more favorable remedy. *See Gupton v. Builders Transport*, 320 N.C. 38, 357 S.E.2d 674 (1987); *Whitley*, 318 N.C. 89, 348 S.E.2d 336; 1C Arthur Larson, *The Law of Workmen's Compensation* § 58.25 (1995).

We believe these principles to be applicable here as well. Plaintiff has sustained permanent lung damage due to occupational silicosis, but such damage has resulted in neither actual incapacity to work nor loss of wages so as to entitle her to the additional benefits recoverable pursuant to G.S. § 97-61.6, after the third examination required by G.S. § 97-61.4. Consistent with the rationale of *Gupton* and *Whitley*, we hold that a claimant who has received benefits pursuant to G.S. § 97-61.5, but is not disabled so as to be eligible for additional benefits under G.S. § 97-61.6, is entitled to a determination by the Commission as to whether she is entitled to an award for permanent

damage to her lungs pursuant to G.S. § 97-31(24), and to select the more favorable award. If the claimant selects compensation under G.S. § 97-31(24), the employer shall receive a credit on any amount previously paid the employee pursuant to G.S. § 97-61.5. Further, the remaining provisions of G.S. § 97-61.5 providing for loss of other benefits "if the employee thereafter engages in any occupation which exposes him to the hazards of asbestosis or silicosis without having obtained the written approval of the Industrial Commission as provided in G.S. 97-61.7" must still apply.

Under any other interpretation, a plaintiff whose lung impairment is due to silicosis or asbestosis, rather than another occupational lung disease, would be denied access to potential compensation provided by G.S. § 97-31(24), a result which appears to us to be patently unfair and possibly constitutionally infirm. See, e.g., Walters v. Blair, 120 N.C. App. 398, 462 S.E.2d 232 (1995) (holding a workers' compensation statute unconstitutional because it treats persons with asbestosis differently than persons with other occupational diseases and does so without any valid reason).

By a separate assignment of error, plaintiff contends that the Commission, in considering an award pursuant to G.S. § 97-31(24), should treat each of her lungs as a separate organ. Since the Commission concluded that it could not make an award under G.S. § 97-31(24), it did not consider plaintiff's contention and did not decide the question. Plaintiff may advance her contentions to the Commission upon remand, and we will not address her argument in this opinion because it is our function to review, rather than anticipate, decisions made by the Commission.

Plaintiff also contends the Commission erred when it failed to determine the date of her last exposure to silica dust in her employment. "It is the duty and responsibility of the full Commission to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it." Joyner v. Rocky Mount Mills, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). Section 97-61.6 of the General Statutes provides for compensation should death result from asbestosis or silicosis or from a secondary infection or diseases developing from asbestosis or silicosis within certain time limits of the date of the employee's last exposure. Plaintiff contends her date of last exposure was in the summer of 1990; the Commission, however, made no determination as to the date of plaintiff's last exposure

to silica dust. Upon remand, the Commission is directed to determine the date of plaintiff's last exposure to silica dust or silicates.

Plaintiff also contends the Commission erred by failing to order, in its award, that defendant provide for her future medical treatment, after finding and concluding that plaintiff will require future medical treatment to provide relief from her lung disease. G.S. § 97-59 provides, in pertinent part:

> Medical compensation shall be paid by the employer in cases in which awards are made for disability or damage to organs as a result of an occupational disease after bills for same have been approved by the Industrial Commission.

N.C. Gen. Stat. § 97-59 (1991) (emphasis added). Since an award has been made in this case, defendant is required by the statute to pay plaintiff's medical bills upon approval by the Commission; it is unnecessary for the Commission to include such an order in its Award.

Finally, in view of our decision to remand this case to the Commission for further consideration of plaintiff's claim for benefits under G.S. § 97-31(24) and for a finding as to the date of her last exposure to silica dust, we deem it unnecessary to address the plaintiff's final assignment of error relating to the composition of the panel of the Commission which reviewed the award of the deputy commissioner.

In summary, we remand this case to the Commission for its determination of whether plaintiff is entitled to an award of compensation, pursuant to G.S. § 97-31(24), for permanent injury to her lungs due to her occupational silicosis and, if so, the amount thereof. Plaintiff will then be entitled to elect between any such award and benefits previously awarded pursuant to G.S. § 97-61.5, subject to any credits to which her employer may be entitled. The Commission is also directed, upon remand, to determine the date of plaintiff's last injurious exposure to silica dust.

Reversed and remanded.

Judges GREENE and WYNN concur.