In the foregoing Opinion and Award, the Commission denies plaintiff the payment of additional medical compensation. I join in a separate concurring opinion to articulate what I view as the unfairness of the current law.
The plaintiff in this case, who has been without the benefit of legal counsel throughout this case, was working as an animal control officer when he injured his shoulder while wrestling with an enormous dog in the rain. Plaintiff never missed time from work as a result of this injury and defendant admitted compensability of this claim on a medical-only basis. Plaintiff now suffers under the caprice of the two-year limitation provided in N.C. Gen. Stat. § 97-25.1. It is a long-established principle that the Workers' Compensation Act is not to be interpreted narrowly or technically. Porterfield v. RPC Corp.,47 N.C. App. 140, 266 S.E.2d 760 (1980); Harless v. Flynn, 1 N.C. App. 448,162 S.E.2d 47 (1968); Vause v. Vause Farm Equip. Co., 233 N.C. 88,63 S.E.2d 173 (1951). In my opinion a worker such as plaintiff who is injured on the job and works through his injury and recovery period should not be penalized by a technical application of the Act. The better result in this case would be for defendant to be required to provide for all of plaintiff's medical treatment related to the compensable injury notwithstanding the arbitrary time limitations of the Act.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER