The majority denies benefits to plaintiff by finding that plaintiff did not meet her burden of proving the application of the Act pursuant to N.C.G.S. § 97-2(1). I respectfully disagree.
On 14 August 2002, the plaintiff drove a load of Thorn Apple products to defendants' bacon processing plant in North Carolina. After arrival, the plaintiff slipped from her tractor, fell, and struck her head. In my opinion a worker such as the plaintiff who is injured on the job should not be excluded from the Workers' Compensation Act because the defendants are playing corporate "Three Card Monty." The defendants in this case had substantial business operations within North Carolina. The defendants wholly owned the bacon processing plant in Holly Ridge, North Carolina, owned a trucking company (to which plaintiff was originally hired) called "Coast Refrigerated Trucking" based in North Carolina, and had all of National Food Express' tractor-trailers registered in North Carolina. National Food Express furthermore had their tractor-trailers' IFTA fuel taxes issued from the State of North Carolina. In obtaining this licensing and registration in North Carolina, National Food Express gave as its address "2 Bacon Place, Holly Ridge, North Carolina." This is the address of the plant at which plaintiff fell and was injured.
Defendants in this case attempt to use Byzantine corporate subsidiary relationships to avoid workers' compensation liability. More and more, defendants are employing sophistic analysis of N.C.G.S. § 97-2 in attempting to remove themselves from the jurisdiction of the Workers' Compensation Act. Among other methods, defendants try to classify their employees as independent contractors, as part-time employees, or in this case as employees of a different (out of state) corporation in order to avoid liability. The majority's result violates the spirit and purpose of the Workers' Compensation Act. The Commission is charged to view the evidence in the light most favorable to the plaintiff. Furthermore, It is a long-established principle that the Workers' Compensation Act is not to be interpreted narrowly or technically, and that the wear and tear of human beings in modern industry should be charged to the industry.Porterfield v. RPC Corp., 47 N.C. App. 140, 266 S.E.2d 760 (1980);Harless v. Flynn, 1 N.C. App. 448, 162 S.E.2d 47 (1968); Vause v. VauseFarm Equip. Co., 233 N.C. 88, 63 S.E.2d 173 (1951). Defendants would no doubt counter-argue that these principles do not apply when a defendant is challenging jurisdiction. Given that N.C.G.S. § 97-2 is obviously within the Workers' Compensation Act, and given that these cases instruct us regarding the proper application of the Act, in my view these cases properly apply when analyzing N.C.G.S. § 97-2.
I read the Act to retain jurisdiction over a claim involving a corporation that keeps such business operations within our state. I respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER