The majority denies additional benefits to plaintiff under a technical reading of N.C. Gen. Stat. § 97-47. I respectfully dissent.
In the case at hand, plaintiff suffered an admittedly compensable injury to his back on 4 September 2000. Admirably, despite continuing pain, this injured worker returned to employment and continued to work at various truck-driving jobs. In July 2002, however, the plaintiff was incapacitated by back pain when, on 3 July 2002, he was taken by ambulance to a hospital after completing one leg of a route. Plaintiff's continuing disability subsequent to 3 July 2002 is, according to expert testimony, causally related to his compensable 4 September 2000 accident. Plaintiff, however, did not move to reopen his claim based on a change of condition until 14 February 2003, when his attorney submitted a motion to the Industrial Commission.
The majority relies on a narrow reading of N.C. Gen. Stat. § 97-47 to deny plaintiff benefits pursuant to a change of condition. It is a long-established principle that the Workers' Compensation Act is not to be interpreted narrowly or technically, and that the wear and tear of human beings in modern industry should be charged to the industry. Porterfield v. RPC Corp.,47 N.C. App. 140, 266 S.E.2d 760 (1980); Harless v.Flynn, 1 N.C. App. 448, 162 S.E.2d 47 (1968); Vause v.Vause Farm Equip. Co., 233 N.C. 88, 63 S.E.2d 173
(1951). In this case, the plaintiff suffered an admittedly compensable injury and had a reoccurrence of disabling symptoms within 2 years of the original date of injury. Denying plaintiff benefits under N.C. Gen. Stat. § 97-47 because he did not have a sophisticated understanding of the law and missed a filing deadline produces a capricious and unfair result contrary to the spirit of the Act.
In my opinion the plaintiff should be entitled to additional benefits pursuant to N.C. Gen. Stat. § 97-47. For the above reasons I respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER