* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission modifies the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act. *Page 2 
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Plaintiff sustained a compensable injury on July 14, 2004.
5. An employment relationship existed between Plaintiff and Defendant on and around July 14, 2004.
6. At the time of injury, Plaintiff alleges that his average weekly wage was $977.50.
7. The following exhibits were marked and stipulated into evidence as:
 * * * * * * * * * * * EXHIBITS
1. Stipulated Exhibit Number 1: Pre-Trial Agreement.
2. Stipulated Exhibit Number 2: Medical Records, Industrial Commission Forms, Photographs, and Medical Expenses.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff suffered a workplace injury to his right forearm on July 14, 2004, while working as a mechanic for Defendant-Employer. Plaintiff was installing a shop fan when it dropped down onto his arm, cutting him. Defendant accepted the claim and has paid all related medical bills
2. On July 14, 2004, Plaintiff presented to the emergency department of Moses Cone Hospital, where he was diagnosed with a seven-centimeter laceration to the right forearm. The laceration was sutured and Plaintiff received a tetanus shot. Plaintiff testified that he was *Page 3 
informed by his treating nurse that as a result of the amount of "meat" cut out of his arm by the fan, his skin had to be pulled together to close the wound and that this would result in an "ugly scar." Plaintiff was instructed to follow up in approximately ten days for suture removal. Subsequently, the sutures were removed and Plaintiff did not seek further medical treatment for his laceration. Plaintiff was released from medical care in July 2004.
3. On July 15, 2004, Plaintiff returned to work for Defendant at the same or greater average weekly wage that he was earning on the date of his July 14, 2004 injury. Plaintiff worked continuously in this position until he voluntarily left to pursue other employment opportunities.
4. After leaving employment with Defendant, Plaintiff was hired as a mechanic at ABF Freight in Kernersville, North Carolina, earning similar wages. In January 2006, Plaintiff was promoted to a supervisory position and is currently earning greater wages than what he was making at the time of his July 14, 2004 accident.
5. Plaintiff is seeking compensation for the injury to his right forearm. Plaintiff appeared before the Full Commission for a viewing of the scars on his right forearm. Consistent with the observations of the Deputy Commissioner, the Full Commission finds that there are two scars on Plaintiff's right forearm that run parallel to each other. One scar is approximately three inches in length and one-fourth inch in diameter and runs diagonally across the top portion of Plaintiff's forearm approximately half way between his wrist and elbow. There is a very noticeable indentation in the skin covering the entire length of this scar. The edges of the scar, running the linear distance of the scar are raised. The second scar is shorter, approximately one and one-half inches in length, and thinner in appearance. Both scars are slightly discolored and the larger scar is readily visible from a distance of more than fifteen feet. *Page 4 
6. The emergency department records from July 14, 2004 described Plaintiff's scar as being located on his right forearm, seven centimeters in length and linear in shape.
7. At a hearing before the Deputy Commissioner, Plaintiff was shown several photographs. He identified these photographs as ones taken just after the July 14, 2004 accident. The short-sleeved shirt he wore in the picture was his typical work clothing, which exposed his scars. Plaintiff testified that his new job requires that he wear short-sleeved shirts, which make his scars visible to co-workers. Co-employees have inquired about the scars.
8. At the time of the hearing before the Deputy Commissioner, Plaintiff was forty-four years of age. He had attained a high school diploma but had no training beyond high school and had mostly done work as a mechanic. Plaintiff's scars have not hindered his ability to work as a mechanic or diminished his wage earning capacity. Plaintiff's scars do not mar his appearance to such an extent that he may reasonably be presumed to have lessened employment opportunities considering his age, training, experience, education, and occupation. Plaintiff's scars are not repulsive.
9. As a result of his injury by accident on July 14, 2004, Plaintiff has sustained permanent injury to the skin and underlying tissue at the site of his injury, which are important external organs of the body. Based on the record before the Commission, the Full Commission is unable to determine the degree of damage or the extent of future complications, if any, from his injury. An independent medical examination of Plaintiff would aid the Commission in determining a fair and equitable amount of compensation for the permanent injury to Plaintiff's forearm.
 * * * * * * * * * * * *Page 5 
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On July 14, 2004, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with Defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has not proven by the greater weight of the evidence that he suffered a serious disfigurement under N.C. Gen. Stat. § 97-31(22). His scars are not repulsive to others and are not of such a nature that that they may fairly be presumed to diminish his wage earning capacity, considering his age, training, experience, education, occupation and adaptability. Liles v. Charles Lee Byrd Logging Co. 309 N.C. 150,305 S.E.2d 523 (1983).
3. In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of N.C. Gen. Stat § 97-31, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000) under N.C. Gen. Stat. § 97-31(24).
4. The Industrial Commission has the discretion to award compensation under N.C. Gen. Stat. § 97-31(24), and its decision will not be overturned on appeal unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. See Russell v. Laboratory Corp. of America, 151 N.C. App. 63,67, 564 S.E.2d 634, 637 (2002). The injury need not have any adverse effect on earnings. However, the award must be proper and equitable.Little v. Penn Ventilator Co., 317 N.C. 206, 345 S.E.2d. 204 (1986).
5. As a result of the injury by accident on July 14, 2004, Plaintiff has sustained permanent injury to his skin and underlying tissue at the injury site on his right forearm, which are important external organs. N.C. Gen. Stat. § 97-31(24). To support an award under this *Page 6 
section, the record must contain "evidence as to the value of the [organ or body part] in question to the body of [the] plaintiff." Porterfield v. R.P.C. 47 N.C. App. 140, 266 S. E. 2d 760 (1980). However, "the amount of such an award is within the discretion of the Commission." Hicks v. Leviton Mfg. Co., 121 N.C. App. 453, 466 S.E.2d. 78 (1996).
6. Plaintiff needs to undergo an independent medical examination at Defendant's expense to aid the Full Commission in determining what award, if any, is proper and equitable.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
Plaintiff shall undergo an independent medical examination at Defendant's expense to aid the Full Commission in determining what award, if any, is proper and equitable. The parties shall confer to decide upon a doctor to conduct the examination. A copy of the report shall be forwarded to the Full Commission.
This the ___ day of May 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER