RICKEY LILES, EMPLOYEE-PLAINTIFF v. CHARLES LEE BYRD LOGGING COM-
PANY, EMPLOYER, SELF-INSURER (HEWITT, COLEMAN & ASSOCIATES,
SERVICING AGENT), DEFENDANTS

No. 673PA82

(Filed 9 August 1983)

1. **Master and Servant § 74— scars on knee—no serious bodily disfigurement**

    Findings by the Industrial Commission did not support its conclusion that two scars around plaintiff's knee constituted "serious bodily disfigurement" compensable under G.S. 97-31(22) where the description of the scars contained in the findings was not such that, standing alone, it would appear that plaintiff has been rendered "repulsive to other people" so as to give rise to the presumption that he has suffered a diminution of his future earning power because of the scars, and the Commission's findings that plaintiff was 25 years old, had an eleventh grade education, and had worked as a farmer, painter, electrician, assembly line worker and logger would not support a presumption that plaintiff suffered a diminution of his future earning power because of the scars.

2. **Master and Servant § 74— serious bodily disfigurement—return to same job**

    The fact that plaintiff returned to the same job at the same wages after an accident was not dispositive of the issue as to whether plaintiff suffered a diminution of his future earning power from scars received in the accident but was only one of many factors to be considered on that issue.

3. **Master and Servant § 74— serious bodily disfigurement—absence of accompanying disability—irrelevancy**

    Since G.S. 97-31(22) by its terms applies only to "serious bodily disfigurements" which are not accompanied by any other disability which would already have been compensated for under another provision of the Workers' Compensation Act, the Court of Appeals erred in relying on the fact that plaintiff's scars were not accompanied by any other disability to work in determining that they did not constitute serious bodily disfigurement entitling plaintiff to compensation.

ON discretionary review, pursuant to G.S. § 7A-31, of a decision of the Court of Appeals, 59 N.C. App. 330, 296 S.E. 2d 485

(1982), reversing an award of compensation by the North Carolina Industrial Commission.

A Deputy Commissioner of the North Carolina Industrial Commission awarded $575 in compensation to plaintiff for scars around plaintiff's knee. The Full Commission affirmed this award. In an opinion by *Judge Hill* with *Judges Arnold* and *Wells* concurring, the Court of Appeals reversed the decision of the Industrial Commission and determined that plaintiff was not entitled to relief. On 28 January 1983 this Court granted plaintiff's petition for discretionary review to review the Court of Appeals' decision.

*Hassell, Hudson & Lore, by R. James Lore; and Robert L. Anderson, Attorneys for plaintiff-appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson, Attorney for defendant-appellees.*

FRYE, Justice.

The question for decision is whether two scars around plaintiff's knee constitute "serious bodily disfigurement" and thus are compensable disfigurements under N.C.G.S. § 97-31(22) (1979). We hold that, under the facts of this case, these scars are not compensable disfigurements.

I.

During the hearing conducted to determine if his scars were compensable disfigurements, plaintiff, Rickey Liles, testified as follows:

He was working for the Charles Lee Byrd Logging Co. when, in the course of cutting down a tree with a chain saw, he cut himself. This injury required stitches, and, as a result, Liles was left with "a scar or blemish" on his leg. After recovering for about two weeks, Liles testified that he "returned to work doing basically the same thing that I was doing before the injury. My job was to cut down trees with a chain saw and I returned to the same job after the accident as before the accident. I made the same wages after the accident as I made before the accident."

Liles also testified that he is 25 years old. He quit school after the 11th grade. He has worked on an assembly line, painted, logged for five years, farmed with his father, and done some elec-

Liles v. Charles Lee Byrd Logging Co.

trical work. He has no special training for any type of employment. Currently, he is unemployed.

Based upon this evidence, Morgan R. Scott, a Deputy Commissioner at the North Carolina Industrial Commission, made the following findings of fact:

1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a chain saw cut into his right leg while he was cutting down trees.

2. As a result of the aforesaid injury, plaintiff sustained serious and permanent bodily disfigurement described as follows:

On Plaintiff's left [sic] leg just above the kneecap is a scar that is approximately 3 inches long, and slightly over ¼ inch wide. It is redder than the surrounding skin but does not appear to be raised. It is noticeable from a distance of 6 feet.

Immediately below that scar is a shorter scar that is approximately 1½ inch in length. It varies up to ¼ inch in width. It, too, is redder than the surrounding skin. It is noticeable from a distance of 6 feet but does not appear to be raised.

3. Plaintiff is 25 years old and completed the 11th grade. He has had no special job training. He has worked on the assembly plant for Sylvania, has painted, has farmed, and has worked in logging for 5 years. He is presently unemployed.

4. The scar does not cause discomfort except for occasional itching. However, plaintiff is somewhat self-conscious whenever the scar is visible.

5. As a result of the aforesaid injury, plaintiff has suffered serious and permanent bodily disfigurement which mars his appearance to such an extent that it may reasonably be presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity. The fair and equitable amount of compensation for said disfigurement under the Workers' Compensation Act is $575.00.

Based upon these findings of fact, the Commissioner then made the following conclusion of law:

> As a result of injury by accident giving rise hereto, plaintiff has sustained serious and permanent bodily disfigurement for which he is entitled to compensation in the amount of $575.00. G.S. 97-31(22); *Cates v. Hunt Construction Co., Inc.*, 267 N.C. 560 (1966).

The Full Commission affirmed the Deputy Commissioner's award to Liles. The Court of Appeals, however, reversed the Commission's determination and held that Liles is not entitled to compensation because the evidence does not support a finding that the scars around Liles' knee were a "serious bodily disfigurement" within the meaning of N.C.G.S. § 97-31(22).

The question in this case is whether the Commission's findings of fact support the conclusion of law made that Liles has sustained "serious and permanent bodily disfigurement" for which he is entitled to compensation. For the reasons discussed below, we hold that these findings do not support such a conclusion.

II.

The applicable provision of the Workers' Compensation Act governing "serious bodily disfigurement," N.C.G.S. § 97-31(22), provides as follows:

> (22) In case of serious bodily disfigurement for which no compensation is payable under any other subdivision of this section, but excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule contained in this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000).

In articulating the standard under which a "disfigurement" is to be considered "serious," and thus compensable under N.C.G.S. § 97-31(22), this Court held in *Davis v. Sanford Constr. Co.*, 247 N.C. 332, 101 S.E. 2d 40 (1957), as follows:

> Under our decisions, there is a serious disfigurement in law only when there is a serious disfigurement in fact. A serious disfigurement in fact is a disfigurement that mars

and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power. True, *no present loss of wages* need be established; but to be *serious*, the disfigurement must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power. *Stanley v. Hyman-Michaels Co., supra; Branham v. Panel Co., supra;* Larson, Workmen's Compensation Law, Vol. 2, Sec. 58.32; also see (dictum) *Marshburn v. Patterson,* 241 N.C. 441, 448, 85 S.E. 2d 683.

*Id.* at 336, 101 S.E. 2d at 43 (emphases original).

Indeed, fourteen years before the *Davis* decision, this Court quoted an analogous definition of "serious" disfigurement, a definition which had been stated in more elemental terms: "To warrant compensation for disfigurement it must be so permanent and serious that it, in some manner, hampers or handicaps the person in his earning or in securing employment, or it must be such as to make the person repulsive to other people." *Branham v. Denny Roll and Panel Co.,* 223 N.C. 233, 239, 25 S.E. 2d 865, 869 (1943), *quoting Poston v. Amer. Enka Corp.,* 1 I.C. 53. In stating that the disfigurement must be such "as to make the person repulsive to other people," the Court was impliedly noting that one who is so disfigured as to be considered "repulsive" to others is less likely to be hired and thus is hampered or handicapped in his earning or securing employment.

In short, then, to be *serious*, a bodily disfigurement "must be of such nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power." *Davis v. Sanford Constr. Co., supra,* 247 N.C. at 336, 101 S.E. 2d at 43.

In determining if a particular disfigurement is of such a nature that it may be fairly presumed that the injured employee has suffered a diminution of his future earning power, this Court has articulated several factors to be examined. In *Stanley v. Hyman-Michaels Co.,* 222 N.C. 257, 22 S.E. 2d 570 (1942), this Court held:

In awarding compensation for serious disfigurement, we think the Commission, in arriving at the diminution of earn-

ing power for disfigurement and making its award, should take into consideration the natural physical handicap resulting from the disfigurement, the age, training, experience, education, occupation and adaptability of the employee to obtain and retain employment.

*Id.* at 266, 22 S.E. 2d at 576.

This Court indicated in *Stanley* that these factors—"natural physical handicap resulting from the disfigurement, the age, training, experience, education, occupation and adaptability of the employee to obtain and retain employment"—were factors to be used "in arriving at the diminution of earning power"—the *amount* of an award. It follows, however, that these same factors are to be used as well to determine *if any* award is to be made, that is, whether the disfigurement is in fact "serious" and thus compensable under N.C.G.S. § 97-31(22) because it is such as to give rise to the presumption that the worker has suffered a diminution of his future earning power. Indeed, this Court held in *Davis*, after quoting the factors articulated in *Stanley*, that "*whether* an injured employee has suffered a 'serious facial or head disfigurement' is a question of fact to be determined by the Commission, *after taking into consideration the factors indicated above* . . . ." 247 N.C. at 337, 101 S.E. 2d at 44 (emphases added).[1]

[1] In this case, the Commission, through its Deputy Commissioner, examined all of the necessary factors and included them in its findings of fact. That is, the Commission noted the "natural physical handicap resulting from the disfigurement" by including in its findings a description of the scars: one scar being about three inches long and about one-quarter inch wide, the other being about one and one-half inches long and up to one-quarter inch

---

1. The difference between N.C.G.S. § 97-31(21), the statute providing compensation for "serious facial or head disfigurement" and N.C.G.S. § 97-31(22), the statute providing compensation for "serious bodily disfigurement" is that once it is found as a fact that an injured employee has suffered "serious facial or head disfigurement" an award of compensation is mandatory. Under N.C.G.S. § 97-31(22), however, the decision whether to award compensation for "serious bodily disfigurement" lies within the Commission's discretion. *Davis v. Sanford Constr. Co., supra,* 247 N.C. at 335, 101 S.E. 2d at 42. At any rate, under both statutes the determination of whether an injured employee has suffered a "serious" disfigurement is a question of fact which must be determined by the Commission after taking into consideration the factors articulated above. *See Id.* at 336, 101 S.E. 2d at 43; *Stanley v. Hyman-Michaels Co., supra,* 222 N.C. at 257, 22 S.E. 2d at 570.

wide, both appearing redder than the surrounding skin and noticeable at a distance of six feet. The Commission also properly noted plaintiff's age of 25, the fact that he has no special job training, his experience on the assembly line for Sylvania, and his experiences painting, farming and logging. The Commission also noted Liles' education level—that he had completed the 11th grade. The Commission further recognized the "adaptability of the employee to obtain and retain employment" in setting out not only the factors above, but also in stating that Liles was unemployed at the time of the hearing. Thus, it appears that the Commission's findings of fact included all of the necessary factors that it was to consider in reaching a conclusion as to whether Liles' scar qualified as a "serious bodily disfigurement" and thus was compensable under N.C.G.S. § 97-31(22). Nevertheless, these findings of fact do not support the Commission's conclusion of law that Liles is entitled to compensation. This is so because there is no rational connection, no nexus, no relation between these factors and the scars themselves which would give rise to the presumption that Liles has suffered a diminution of his future earning power. In *Davis* this Court held that "whether an injured employee has suffered a 'serious facial or head disfigurement' is a question of fact to be determined by the Commission, after taking into consideration the factors indicated above, *in relation to* whether it may be fairly presumed to cause a diminution of his future earning power." *Davis v. Sanford Constr. Co., supra*, 247 N.C. at 337, 101 S.E. 2d at 44 (emphasis added).

The description of Liles' scars contained in the Commission's findings of fact is not such that, standing alone, it would appear that Liles has been rendered "repulsive to other people" because of the scars. The description of Liles' scars thus fails to give rise to the presumption that he has suffered a diminution of his future earning power because of these scars. Likewise, the particularities of the other factors the Commission examined, Liles' own age, training, experience, education, occupation and adaptability to obtain and retain employment, are not of the type which would give rise to the presumption that Liles has suffered a diminution of his future earning power *because* of the scars around his knee. In short, then, we hold that, based on these findings of fact, it cannot be reasonably presumed that a man 25 years of age with an 11th grade education who has worked as a

farmer, painter, electrician, assembly line worker and logger, would have suffered a diminution of his future earning power *because* of these two scars around his knee. Therefore, we hold that Liles is not entitled to compensation under N.C.G.S. § 97-31 (22).[2]

[2] In reviewing the opinion of the Court of Appeals, we note two points which need to be clarified in this area of the law. In holding that it did "not believe there has been any showing that the scars would handicap the plaintiff in obtaining or performing any job for which he is otherwise qualified," the Court of Appeals appears to have placed undue emphasis on the fact that Liles "returned to the same job he had before the accident at the same wages." *Liles v. Charles Lee Byrd Logging Co., supra*, 59 N.C. App. at 331-32, 296 S.E. 2d at 486. Although this fact is *some* evidence which would tend to negate the presumption that Liles had suffered a diminution of his future earning power, it is not dispositive of the issue. As articulated above, there are a multitude of factors that must be considered. In its opinion, however, the Court of Appeals appears to have rested its determination solely on the fact that Liles had "returned to the same job he had before the accident at the same wages."

[3] In addition, the Court of Appeals also wrote that "the scars around the plaintiff's knee are not accompanied by any other disability to work," in distinguishing the case at bar from the decision in *Cates v. Hunt Constr. Co.*, 267 N.C. 560, 148 S.E. 2d 604 (1966). *Liles v. Charles Lee Byrd Logging Co., supra*, 59 N.C. App. at 332, 296 S.E. 2d at 486. When *Cates* was decided, however, the statute governing compensation for serious bodily disfigurement provided that the Commission may award compensation in cases of serious bodily disfigurement, "including the loss of, or permanent injury to, any important external or internal organ or part of the body . . . ." In *Cates*, plaintiff was compen-

---

2. The result in this case might have been different had Liles been a fashion model, a factor which would give rise to the presumption that he had suffered a diminution of his future earning power — employers might be reluctant to hire models with scars around their knees. Also, the result in this case might have been different if the scars were such as to render Liles "repulsive" to others, a factor which would also give rise to the presumption that Liles has suffered a diminution of his future earning power — employers might be less likely to hire "repulsive" people.

sated for the loss of his kidney and the accompanying scar. Currently, however, N.C.G.S. § 97-31(22), provides explicitly that its terms apply only to those cases of "serious bodily disfigurement *for which no compensation is payable under any other subdivision of this section,* but *excluding the disfigurement resulting from permanent loss or permanent partial loss of use of any member of the body for which compensation is fixed in the schedule contained in this section* . . . ." (emphases added). Thus, by its terms, N.C.G.S. § 97-31(22) applies only to "serious bodily disfigurements" which are not accompanied by any other disability which would already have been compensated for under another provision of the Workers' Compensation Act. In recognizing this distinction, we hold that the Court of Appeals' reliance on the fact that plaintiff's scars are not accompanied by any other disability to work was misplaced.

In sum, therefore, we affirm the Court of Appeals' determination that the scars around Liles' knee are not a "serious bodily disfigurement" within the meaning of N.C.G.S. § 97-31(22), and in so doing, modify the Court of Appeals' decision to the extent that its reasoning is inconsistent with the analysis set out above.

Modified and affirmed.