BRENDA K. ANDERSON, EMPLOYEE-PLAINTIFF v. SHONEY'S OF MORGANTON, EMPLOYER-DEFENDANT AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8510IC6

(Filed 16 July 1985)

**Master and Servant § 74— scarred breast—compensation for disfigurement—erroneous**

> The Industrial Commission erred by awarding plaintiff compensation for serious disfigurement affecting her future earning capacity where hot water had spilled onto her chest in the course of her employment, she had two scars on top of her breast, the scars were not visible when plaintiff was dressed, she would have to wear a "real skimpy" bathing suit for them to be seen, she would not want the type of job where the scars might show, and she had returned to her former job without a reduction in pay.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission filed 13 August 1984. Heard in the Court of Appeals 24 June 1985.

Plaintiff was injured in the course of her employment when hot water spilled onto her chest and ran into her bra, burning her breast. Following surgery, she had two scars on the top of her breast. The scars were not visible when plaintiff was dressed; she would have to wear a "real skimpy" bathing suit for them to be seen. Plaintiff testified that she had never desired to take a job which would require exposing her breasts. Since the accident plaintiff returned to her job. The Commission awarded compensation for serious disfigurement affecting plaintiff's future earning capacity. Defendants appeal.

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles, for defendant appellants.*

*No brief for plaintiff appellee.*

ARNOLD, Judge.

Defendants contend, and we agree, that this case is controlled by *Liles v. Charles Lee Byrd Logging Co.*, 309 N.C. 150, 305 S.E. 2d 523 (1983). There the Supreme Court held that to support an award of compensation, there must be not only a showing of serious disfigurement but also some rational connection or nexus between the disfigurement and the various factors outlined (such as age, training, experience, and adaptability) to support a presumption of diminished earning capacity. We find no such nexus. It is readily apparent that plaintiff's scars are not visible during her normal employment, and plaintiff has affirmatively testified that she would not want the type of job where the scars might show. The fact that she has returned to her former job without reduction in pay or apparent incident, while not necessarily probative, bears our conclusion out. On the authority of *Liles*, we conclude that the Commission's award was erroneous as a matter of law and must be

Reversed.

Judges WEBB and PARKER concur.