The Full Commission makes the following findings of fact:
FINDINGS OF FACT
1. Plaintiff is 59 years old and has an eighth grade education. His work experience includes employment for logging companies, for a peanut roasting company and for a paving company. He also served two years in the army. Since September 1968 he has worked for defendant in various capacities, and he continues to work for defendant as a machine operator IV.
2. On 23 March 1990 plaintiff was employed by defendant as a machine operator IV. His job primarily involved driving a motor grader but he would sometimes operate other machines and trucks. Plaintiff's average weekly wage as of 23 March 1990 was $434.75, which yields a compensable rate of $289.83.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 23 March 1990. Defendant had assigned him the job of operating the asphalt distributor truck which had a tank of tar mounted on the back of it that was heated and sprayed on the road before paving. As he was driving the truck the LP gas system exploded behind him and he sustained serious burns to his back, lower head and upper neck area, left ear and arms.
3. Plaintiff was seen at the local hospital following the accident and was then referred to the Jaycee Burn Center in Chapel Hill. The burned areas of his arms required skin grafts which were taken from his thighs. His condition improved with treatment although he will continue to have problems with sensitivity to heat and cold.
4. Plaintiff was able to return to work at light duty in October 1990. He subsequently returned to his regular job in November 1990 although defendant provided air conditioning for his grader when the weather turned hot in order to accommodate his sensitivity to heat due to the burns.
5. As a result of this injury by accident plaintiff sustained extensive scarring to the area from his left ear below his hairline to within two inches of his right ear, to both arms, to his back and to both thighs. The scarring was described at the hearing before the deputy and that description is incorporated by reference.
6. As a result of his burns and scarring plaintiff is very sensitive to heat and sunlight. The scarred areas burn easily and itch. They are also sensitive to cold temperatures and must be kept moisturized to a greater extent during cold weather. Plaintiff experiences a certain amount of discomfort from them at all times. His ear is tender to pressure and he must use a special pillow in order to lie on it. He will require ongoing treatment with lotions in order to give him needed relief.
7. As a result of the burns and scarring therefrom, plaintiff suffers from tightness in his shoulders and experiences muscle spasms in his leg and shoulders when he lies down. Plaintiff alleges that his arms get tired with labor and he must stop every once in a while to take a break and rest his arms but that he is able to perform his job.
8. Testimony by plaintiff and by his treating physician establish that plaintiff has had no significant problems performing his job, particularly with the accommodations made by defendant. Plaintiff's treating physician made clear that plaintiff has sustained no orthopedic manifestations of injury such as amputation, muscle loss, or loss of range of motion, but that plaintiff's disabilities "are those of any healed burn."
9. Plaintiff's treating physician, Dr. H. D. Peterson, rated plaintiff as having a fifty percent permanent partial disability to each arm. However, Dr. Peterson admitted that it is his routine to "lump the disabilities of the trunk and of the donor sites . . . in with the disability of [the] extremities." Dr. Peterson further notes that in this case "the bulk of the rating of both these extremities comes from the significant burn disabilities of Mr. Smith's back, his neck, his ears and his donor sites [his legs]. Therefore the disability for the right and left arm is markedly elevated from what it would be if one were only rating that." It is not at all clear whether Dr. Peterson's rating was made pursuant to or with reference to the North Carolina Industrial Commission's Rating Guide.
10. As a result of this injury by accident, plaintiff sustained serious and permanent disfigurements both to his head and his body which mar his appearance to such an extent that it may reasonably be presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity. The fair and equitable amount of compensation for this loss under the Workers' Compensation Act is $3,000.00 for the head disfigurement and $10,000.00 for the bodily disfigurement. In fixing these amounts, the Industrial Commission has taken into account the natural physical handicap resulting from the disfigurement, including any functional disabilities plaintiff may have sustained therefrom.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the injury by accident giving rise to this claim, plaintiff has sustained serious and permanent facial and head disfigurement. He is entitled to compensation in the amount of $3,000.00 for his facial and head disfigurement. N.C. Gen. Stat. § 97-31 (21).
2. Under N.C. Gen. Stat. § 97-31, compensation for disability under the schedule is "in lieu of all other compensation, including disfigurement." Under the bodily disfigurement subsection, it is clear that an award for serious bodily disfigurement applies only when the disfigurement is not accompanied by any other disability compensable under another provision of the Workers' Compensation Act. N.C. Gen. Stat. § 97-31 (22); see also Liles v. Charles Lee Byrd LoggingCo., 309 N.C. 150, 158, 305 S.E.2d 523 (1983)
3. In determining whether a disfigurement is in fact "serious" the Industrial Commission takes into account factors which include the "natural physical handicap resulting from the disfigurement, the age, training, experience, education, [and] occupation and adaptability of the employee to obtain and retain employment." Liles, supra at 155 (citing Stanley v.Hyman-Michaels Co., 222 N.C. 257, 266, 22 S.E.2d 570, 576
(1942). Based upon these factors plaintiff has sustained serious and permanent bodily disfigurement as a result of the injury by accident giving rise to this claim.
4. The Industrial Commission likewise uses the factors listed in Conclusion of Law number 3 to determine the amount of an award to which a plaintiff is entitled for serious disfigurement.See Liles, supra. In this case, and based upon these factors — particularly plaintiff's functional complaints — plaintiff is entitled to the maximum amount available for serious bodily disfigurement pursuant to N.C. Gen. Stat. § 97-31
(22). Plaintiff is entitled to $10,000.00 for his serious and permanent bodily disfigurement.
5. Plaintiff is entitled to have defendant pay all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give him relief and lessen his disability. N.C. Gen. Stat. § 97-25.
6. Pursuant to an attorney fee contract, plaintiff's counsel is entitled to reimbursement of $1,191.75 for costs advanced. With regard to an attorney's fee plaintiff's counsel began representation at the Full Commission level after plaintiff, representing himself, had been awarded $13,000.00. Though plaintiff's counsel spent considerable time thereafter attempting to recover more for plaintiff, no additional compensation has been obtained. Nonetheless, plaintiff's counsel has requested a fee in the amount of 25% of the benefits to be paid plaintiff. Considering the degree of complexity of this case, the clarity in this area of the law, the result obtained and the usual and customary attorney's fee received by attorney's representing claimants before the Industrial Commission, the fee requested by plaintiff's counsel is unreasonable.
A reasonable attorney's fee of $2,000.00 is approved for plaintiff's counsel. This amount shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff in the amount of $13,000.00 for his head and bodily disfigurement, subject to attorney fees approved for plaintiff's counsel in the amount of $2,000.00.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. Defendant shall pay the costs.
This the 1st of August 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________ COY M. VANCE COMMISSIONER
DCS/ay