***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as a matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. Plaintiff and defendant are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and were subject to and bound by the Act on December 4, 2006.
2. An employer-employee relationship existed between plaintiff and defendant on December 4, 2006.
3. Defendant is self-insured, with Key Risk Management Services, Inc. as the third party administrator.
4. Plaintiff was employed with the Lanesboro Correctional Institute as a Correctional Officer.
5. Pursuant to the Form 22, plaintiff's average weekly wage is $811.59, yielding a compensation rate of $541.08.
6. The following exhibits were stipulated into evidence at the Deputy Commissioner's hearing:
 a. Stipulated Exhibit Number 1, Pre-Trial Agreement
 b. Stipulated Exhibit Number 2, Industrial Commission forms, medical records and medical bills
 c. Stipulated Exhibit Number 3, photographs of plaintiff's scarring on both the inner and outer lip.
7. The issue before the Deputy Commissioner was what is the proper and equitable amount of compensation that should be awarded to plaintiff under the provisions of N.C. Gen. Stat. § 97-31(21) for the permanent scarring to his lip. The only issue presented by plaintiff on appeal is whether he is entitled to future medical compensation.
 *********** *Page 3 
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was employed as a Correctional Officer with the North Carolina Department of Correction.
2. On December 4, 2006, plaintiff was taking a pair of boots from an inmate when the inmate attacked him, injuring the left side of plaintiff's mouth. Defendant accepted plaintiff's claim for facial contusion, laceration to the left side of the mouth and two loosened teeth.
3. On December 4, 2006, plaintiff sought initial medical treatment at Carolinas Healthcare System. A CT scan of the maxillofacial region was negative with no evidence of injury, but revealed a small amount of sinus disease. A CT scan of the head was normal. Plaintiff received sutures for his facial wound, which were removed without complication on December 12, 2006. Medications were also prescribed for plaintiff's injuries.
4. By letter dated November 26, 2007, the Director of the Industrial Commission Claims Section evaluated plaintiff's scarring and informed the parties that she felt the payment of $3,000.00 for disfigurement was appropriate. The parties were also informed that they retained the right to request a viewing before a Deputy Commissioner if they disagreed with the recommended damages. Thereafter, plaintiff filed a Form 33 requesting a viewing of his scar before a Deputy Commissioner.
5. At the hearing, the Deputy Commissioner viewed plaintiff's scars. On the outside of his lip, there is a barely visible scar, which is approximately 1/16 inch long. The scar does not *Page 4 
appear to be raised. There is also a scar where his sutures were removed on the left side of his inner lip.
7. Plaintiff is still employed with the Department of Correction earning the same or greater wages as he earned prior to December 4, 2006.
8. At the hearing before the Deputy Commissioner, plaintiff offered no evidence as to any present or future medical expenses due to his compensable injury. However, in an accepted claim, defendant shall provide all medical compensation related to the compensable injury by accident.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. "A serious disfigurement . . . is a disfigurement that mars and hence adversely affects the appearance of the injured employee to such extent that it may be reasonably presumed to lessen his opportunities for remunerative employment and so reduce his future earning power."Liles v. Charles Lee Byrd Logging Co., 309 N.C. 150, 154,305 S.E.2d 523, 525 (1983).
2. Having considered all the evidence of record, the greater weight of the evidence establishes that plaintiff has no loss of wage-earning capacity as a result of the scars to the outside of his lip. Plaintiff's external scars have not affected his ability to find work or to perform work. Plaintiff's external scars do not adversely affect his appearance to the extent that it lessens his opportunities for future employment.
3. To the extent plaintiff's external scars constitutes serious facial disfigurement as contemplated by N.C. Gen. Stat. § 97-31(21), the disfigurement is minimal. *Page 5 
4. Plaintiff is entitled to an award of equitable compensation in the amount of $3,000.00 for serious facial disfigurement for the permanent external scars on his lip. N.C. Gen. Stat. § 97-31(21).
5. Plaintiff is entitled to all medical expenses incurred or to be incurred as a result of his compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff equitable compensation in the amount of $3,000.00 for serious facial disfigurement for the permanent external scars on his lip pursuant to the provisions of N.C. Gen. Stat. § 97-31(21).
2. Defendant shall pay all related medical expenses incurred or to be incurred by plaintiff as the result of his injury by accident for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability.
3. Defendant shall bear the costs.
This 22 day of January, 2009.
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 6 
CONCURRING:
 S/___________________ BERNADINE BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1