***********
Upon review of the competent evidence of record, with reference to the errors assigned, and considering the briefs and oral arguments of the parties, the Full Commission finds no good grounds to receive further evidence, or to rehear the parties or their representatives. Upon reconsideration of the evidence, the Full Commission enters the following Opinion and Award. *Page 2 
 *********** STIPULATIONS
The stipulations contained in the Consent Order in this case filed October 16, 2008 are adopted and incorporated herein by reference.
 *********** ISSUE
Whether Plaintiff is entitled to an award of compensation under N.C. Gen. Stat. § 97-31(21), (22) or (24) for scarring and permanent damage to Plaintiff's throat.
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on August 20, 1960 and is currently 50 years old. On May 1, 2007 Plaintiff was struck in the throat area by a saw while cutting a pipe for Defendant-Employer. According to Plaintiff, the blade from the saw hit a piece of metal in the pipe which kicked the saw upwards to his neck, causing a laceration to his throat area.
2. The parties entered a Consent Order resolving all issues except Plaintiff's entitlement to compensation for scarring and permanent damage to his throat.
3. Plaintiff testified that he is still having problems with swallowing and hoarseness. His vocal cords get irritated and his throat feels "raw" and burns. The scar on Plaintiff's throat is numb at the top right side and the bottom end of the scar itches "all the time." Plaintiff's complaints of hoarseness and difficulty with swallowing are documented in the medical notes and the testimony of Dr. Fred Douglas McQueen, Jr. who causally related Plaintiff's complaints *Page 3 
to his work related throat laceration injury. The Full Commission finds Plaintiff's testimony to be credible.
4. The Full Commission observed that the scar on Plaintiff's throat was very noticeable. The photographs shown on Transcript Exhibit pages 525 (Plaintiff's Exhibit 3) and 526 (Plaintiff's Exhibit 4) fairly and accurately depict the appearance of Plaintiff's scars.
5. Plaintiff underwent an independent medical examination (IME) with Dr. J. Madison Clark, a board certified otolaryngologist, on April 6, 2009. Dr. Clark's April 6, 2009 examination note indicated that Plaintiff had a well-healed scar in the neck extending across the midline and that Plaintiff was very hypersensitive to palpation of the neck at the level of the scar, which seemed to Dr. Clark to be out of proportion to the physical findings. Dr. Clark noted the following findings: "Flexible fiberoptic laryngoscopy reveals no extrinsic compression of the larynx. There is full excursion of the vocal cords bilaterally. There is mild interarytenoid pachyderma with mild erythema. There are no other endolaryngeal masses or lesions." Dr. Clark ordered a CT scan of Plaintiff's neck which he subsequently interpreted as normal. He rated Plaintiff with a 10 percent impairment of the neck based upon the sensory abnormalities from the scar in the neck.
6. On May 12, 2009 Dr. Clark again performed a flexible fiberoptic larynoscopy on Plaintiff. Some of the examination findings appeared to be within normal limits; however, Dr. Clark also noted, "The endolarynx is significant for mild-to-moderate interarytenoid pachyderma and erythema." Dr. Clark was not deposed.
7. The medical records of Dr. Clark are admitted into evidence as Defendants' Exhibit C, D and E and are added to the end of the Transcript Exhibit pages. *Page 4 
8. Dr. McQueen was of the opinion that Plaintiff has "damage to the muscles and the tissues of his neck that control our voice and control swallowing." He felt the damage was permanent. A barium swallow showed Plaintiff had an abnormal contracture of the cricopharyngeous muscle in the lower cervical esophagus. He opined that Plaintiff has a contracture secondary to scarring and the contracture of the cricopharyngeal muscle in Plaintiff's neck "is directly a result of the injury that he [Plaintiff] received with the saw to his neck."
9. As a result of his injury by accident occurring on May 1, 2007, the Full Commission finds as fact that Plaintiff has sustained permanent injury to the muscles and tissues of his larynx, vocal cord and esophagus which are important internal organs or parts of the body. As a result of his injury by accident, Plaintiff has also sustained sensory abnormalities from the scar in the neck and injury to his skin, which are important organs or parts of the body. Plaintiff has permanent difficulty with swallowing and constant hoarseness.
10. As a result of his injury by accident occurring on May 1, 2007, the Full Commission finds as fact that Plaintiff has sustained a permanent, very visible and ugly scar across the front of his neck. The scar is of such a nature, due to its size, its location across the area of the throat and its appearance, that it is fairly presumed to cause Plaintiff to suffer a diminution in wage earning capacity. Additionally, the problems the scar continues to cause related to numbness, itching and hypersensitivity are fairly presumed to diminish Plaintiff's wage earning capacity.
11. The Full Commission finds that since Plaintiff cannot receive compensation for serious bodily disfigurement under N.C. Gen. Stat. § 97-31(22) and permanent injury to an important external or internal organ or part of the body under N.C. Gen. Stat. § 97-31(24), the more favorable remedy for Plaintiff is under N.C. Gen. Stat. § 97-31(24). *Page 5 
12. The Full Commission finds that a proper and equitable award to Plaintiff is $12,000.00 for the permanent injury to his important organs or parts of the body.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On May 1, 2007, Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with Defendant-Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has proven by the greater weight of the evidence that he suffered a serious bodily disfigurement under N.C. Gen. Stat. § 97-31(22). His scar is very noticeable, ugly and of such a nature, due to its size, location across the area of the throat and appearance, that it is fairly presumed to cause Plaintiff to suffer a diminution in wage earning capacity, considering his age, training, experience, education, occupation and adaptability. The scar also causes numbness, itching and hypersensitivity which may also diminish his wage earning capacity. Liles v. Charles Lee Byrd LoggingCo. 309 N.C. 150, 305 S.E.2d 523 (1983).
3. Plaintiff has also proven by the greater weight of the evidence that as a result of his injury by accident on May 1, 2007, he has sustained permanent injury to the muscles and tissues of his larynx, vocal cord and esophagus which are important internal organs or parts of the body. The permanent injury to Plaintiff's muscles and tissue has caused hoarseness and permanent difficulty with swallowing. As a result of his injury by accident, Plaintiff has also sustained permanent injury to his sensory nerves from the scar in his neck for which he has been given a 10 percent permanent partial impairment rating and also injury to his skin, which are important organs or parts of the body. The scar is hypersensitive to touch. Plaintiff also has *Page 6 
permanent damage to his skin in the area where his throat was lacerated. N.C. Gen. Stat. § 97-31(24).
4. In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of N.C. Gen. Stat § 97-31, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000) under N.C. Gen. Stat. § 97-31(24). For serious bodily disfigurement for which no compensation is payable under any other subdivision of N.C. Gen. Stat § 97-31, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000) under N.C. Gen. Stat. § 97-31(22). The more favorable remedy for Plaintiff is an award under N.C. Gen. Stat. § 97-31(24) since he is not entitled to an award under both sections.
5. The Industrial Commission has the discretion to award compensation under N.C. Gen. Stat. § 97-31(24), and its decision will not be overturned on appeal unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision. See Russell v. Laboratory Corp. of America,151 N.C. App. 63, 67, 564 S.E.2d 634, 637 (2002). The injury need not have any adverse effect on earnings. However, the award must be proper and equitable. Little v. Penn Ventilator Co.,317 N.C. 206, 345 S.E.2d. 204 (1986).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendants shall pay to Plaintiff proper and equitable compensation in the amount of twelve thousand dollars ($12,000.00) under N.C. Gen. Stat. § 97-31(24). *Page 7 
2. Plaintiff's former attorney, Heidi G. Chapman shall be paid directly from Plaintiff's award, 25 percent of the first $5,000.00. Plaintiff shall receive the balance of the award in a lump sum.
3. Defendants shall pay the costs of these proceedings.
This the ___ day of January 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1